IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID W. SOLLIS, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COLLECTION COMPANY OF AMERICA, | ) |
| and EQUIFAX INFORMATION SERVICES LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff David W. Sollis, Jr. brings this action to secure redress from unlawful credit reporting practices of defendants Equifax Information Services LLC ("Equifax") and Collection Company of America, in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce), 15 U.S.C. §1681p (FCRA), and 15 U.S.C. §1692 et seq. (FDCPA).

3. Venue in this District is proper because defendants are subject to jurisdiction here.

### PARTIES

4. Plaintiff David W. Sollis, Jr. is an individual who resides in Palos Hills, IL.

5. Defendant Collection Company of America a/k/a Collectco, Inc ("CCA"). is a collection agency located at 700 Longwater Drive, Norwell, MA 02061. Its registered agent is Steven Masters, 8201 W. 183d St., Suites I & J, Tinley Park, IL 60487.

1

6. Defendant Equifax is a credit reporting agency that does business in Illinois. Its registered agent is Illinois Corporation Service Company, 700 S. 2d St., Springfield, IL 62704.

## FACTS

7. Plaintiff's full name is David Wayne Sollis, Jr.

8. Plaintiff's father David Wayne Sollis incurred a medical debt with Kasper Heaton Wright Pagni & Associates, Ltd. ("Kasper Heaton") for a medical visit by plaintiff's minor brother.

9. Plaintiff's father apparently did not pay the bill, and Kasper Heaton hired CCA as its collection agent.

10. CCA reported the allegedly unpaid bill to the credit bureaus.

11. All three major credit bureaus began including the allegedly unpaid bill on plaintiff's credit reports.

12. When plaintiff learned the collection account was on his credit reports, he disputed the fact that the bill was being included on his credit reports with both Kasper Heaton and CCA. Kasper Heaton would not help him and referred him to CCA. CCA in turn returned him to Kasper Heaton.

13. After plaintiff informed CCA that it was not his account, and that he therefore disputed the debt, CCA did not report the account to the credit bureaus as disputed, as required by 15 U.S.C. §1692e(8).

14. Plaintiff also disputed the fact that the account was being reported on his credit reports with each of the three major credit major credit bureaus, and with at least two different resellers of credit information. On information and belief, CCA verified the account as belonging to plaintiff in response to most or all of those disputes.

15. Trans Union and Experian eventually removed the account from plaintiff's credit file.

16. Plaintiff eventually paid the account himself, despite the fact that it was his father's debt, in an attempt to minimize the damage that the collection account was causing to his credit scores.

17. Plaintiff has repeatedly written to Equifax in an effort to have the problem corrected. See Exhibit A.

18. CCA purported to verify the debt to Equifax. Such verification was false.

19. Equifax has verified the false information. See Exhibit B.

20. It is the policy and practice of Equifax to have a low-paid clerical employee send a computerized dispute code to CCA, which responds without actually investigating the dispute.

21. Apart from his father's collection account, plaintiff has extremely good credit, and the inclusion of the collection account in his credit file resulted in large drops in his credit scores.

22. As a result of the collection account being included in plaintiff's file, plaintiff was been denied credit. A copy of one credit denial relating to plaintiff's application is attached as Exhibit C. The grounds cited were caused by the merger of files.

23. Plaintiff owns three properties and wanted to refinance them, but because of plaintiff's poor credit score resulting from the erroneous entries, he was not approved.

24. Despite receiving multiple disputes directly from plaintiff, CCA did not list the accounts as disputed, in violation of 15 U.S.C. §1681s-2(a)(3) and 15 U.S.C. §1692e(8).

25. Plaintiff has suffered actual damages in the denial of refinancing his mortgages and in being prevented from applying for more credit, and has also suffered extensive emotional and physical distress, and spent extensive time and money attempting to correct the problem.

## COUNT I – VIOLATION OF FDCPA

26. Plaintiff incorporates paragraphs 1 through 25 by reference. This Count is

against defendant CCA.

27. CCA violated 15 U.S.C. §§1692e, 1692e(2), 1692e(8) and 1692e(10) when CCA demanded that plaintiff pay a debt incurred by his father, failed to report the debt as disputed to the credit bureaus, and verified the debt to the credit bureaus and resellers in response to plaintiff's disputes.

28. Plaintiff suffered actual damages as a result of defendant's conduct, as detailed above.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant CCA for:

(1) Statutory damages;

(2) Actual damages;

(3) Attorney's fees, litigation expenses and costs of suit;

(4) Such other or further relief as the Court deems proper.

## COUNT II – FCRA CLAIM AGAINST CCA

29. Plaintiff incorporates ¶¶1-25. This claim is against CCA.

30. CCA violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by failing to reasonably investigate when Equifax and the other credit bureaus and resellers contacted CCA in response to plaintiff's complaints and in providing false information as a result, by failing to delete the inaccurate information after receiving the dispute, and/or by failing to permanently block the reporting of the inaccurate, derogatory information after receiving the dispute. Section 1681s-2(b) provides:

> **(b) Duties of furnishers of information upon notice of dispute.**
>
> **(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall**
>
> **(A) conduct an investigation with respect to the disputed information;**

4

> **(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];**
>
> **(C) report the results of the investigation to the consumer reporting agency; and**
>
> **(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.**
>
> **(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.**

31. CCA also violated 15 U.S.C. §1681s-2(a)(3) when it failed to communicate to the credit bureaus and resellers that the debt was disputed.

32. CCA committed such violations willfully or negligently, thereby violating 15 U.S.C. §1681n and/or §1681o.

33. Section 1681n provides:

**§1681n. Civil liability for willful noncompliance**

**(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

> **(1)**
>
>> **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**
>
> **(2) such amount of punitive damages as the court may allow; and**
>
> **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

34. Section 1681o provides:

**§1681o. Civil liability for negligent noncompliance**

>**(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of--**
>
>>**(1) any actual damages sustained by the consumer as a result of the failure;**
>>
>>**(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

35. Section 1681p provides:

>**§1681p. Jurisdiction of courts; limitation of actions**
>
>**An action to enforce any liability created under this title [15 USCS §§ 1681et seq.] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of--**
>  **(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or**
>  **(2) 5 years after the date on which the violation that is the basis for such liability occurs.**

36. Plaintiff suffered actual damages as a result of CCA's conduct, as detailed above.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against CCA for:

    (1)    Appropriate actual, punitive and statutory damages;

    (2)    Attorney's fees, litigation expenses and costs of suit;

    (3)    Such other or further relief as the Court deems proper.

## COUNT III – FCRA

37. Plaintiff incorporates ¶¶1-25. This Count is against Equifax.

38. Under the Fair Credit Reporting Act, 15 U.S.C. §1681e, Equifax is required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

39. Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, Equifax is required to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item on his credit report. Section 1681i provides:

**§1681i. Procedure in case of disputed accuracy**

**(a) Reinvestigations of disputed information.**

**(1) Reinvestigation required.**

**(A) In general. If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.**

**(B) Extension of period to reinvestigate. Except as provided in subparagraph (C), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.**

**(C) Limitations on extension of period to reinvestigate. Subparagraph (B) shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.**

**(2) Prompt notice of dispute to furnisher of information.**

**(A) In general. Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer.**

**(B) Provision of other information from consumer. The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A). . . .**

**(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**

**(5) Treatment of inaccurate or unverifiable information.**

**(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. . . .**

40. Equifax willfully or negligently (a) failed to take reasonable measures to investigate plaintiff's dispute and (b) failed to correct plaintiff's credit report.

41. Plaintiff was damaged as a result in being denied credit, being prevented from refinancing his mortgages, and suffering from emotional and physical distress, and spending time and money to correct the problem.

42. Equifax violated 15 U.S.C. §1681n and/or §1681o.

43. Section 1681n provides:

**§1681n. Civil liability for willful noncompliance**

**(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

**(1)**

**(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**

**(2) such amount of punitive damages as the court may allow; and**

**(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

44. Section 1681o provides:

**§1681o. Civil liability for negligent noncompliance**

**(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

**(1) any actual damages sustained by the consumer as a result of the failure;**

> **(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

45. Section 1681p provides:

**§1681p. Jurisdiction of courts; limitation of actions**

**An action to enforce any liability created under this title [15 USCS §§ 1681et seq.] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of--**
   **(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or**
   **(2) 5 years after the date on which the violation that is the basis for such liability occurs.**

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against Equifax for:

(1) Appropriate actual, punitive and statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other or further relief as the Court deems proper.


/s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Rupali R. Shah
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Daniel A. Edelman
Daniel A. Edelman

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
Rupali R. Shah
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)